STATE EX REL. CLARENCE W. GILLESPIE, PLAINTIFF AND
APPELLANT, *v.* MONTANA LIQUOR CONTROL BOARD ET
AL., DEFENDANTS AND RESPONDENTS.

No. 11216.
Submitted June 19, 1967. Decided July 6, 1967.
430 P.2d 112.

Arthur P. Acher (argued), Helena, for appellant.

A. W. Scribner (argued), Helena, for respondent.

MR. JUSTICE CASTLES, delivered the Opinion of the Court.

This is an appeal from a judgment upholding the revocation of retail liquor and beer licenses by the respondent Montana Liquor Control Board.

The appellant, Clarence W. Gillespie, purchased the liquor licenses in question at a sheriff's sale in May of 1964. He was the owner of the building and fixtures used in the operation of a bar by the prior owner of these licenses. Because appellant was not able to personally operate the business, and because of difficulty in securing persons to manage the bar, the premises were not continuously open for business.

Under Montana law, codified in section 4-403, R.C.M.1947, liquor licenses are issued on a ''quota'' system, with the number of outstanding licenses being governed by the population of the city for which the license is issued. Subsection (2) provides in part: ''From and after February 1, 1949, any retail license issued pursuant to this act not actually used in a going establishment for a period of ninety (90) days, shall automatically lapse.'' The record indicates, and the court below found as a fact, that the bar was closed from August 15, 1964, until January 27, 1965, with the exception of a period of a few hours on November 15, 1964. On this date appellant engaged the services of a union bartender and opened the business to the public.

In January 1965, the Montana Liquor Control Board conducted an investigation of appellant's licenses and found that the bar had not been operated as a going concern for 90 days prior to January 26, 1965. Accordingly, pursuant to section 4-342, R.C.M. 1947, the respondent Board notified appellant of its intent to revoke his licenses.

Section 4-342 provides that the licensee "may" upon receipt of such notice file an injunctive action in district court to prevent the revocation pending a hearing on the merits. On February 18, 1965, no such action having been taken by appellant, the licenses were canceled. This action was filed on March 11, 1965.

There are two basic issues raised on this appeal. First is whether the statutory 90 day non-user period could be avoided by opening the bar for one day or less, and second, whether appellant is barred from relief by his failure to take action within 15 days after receipt of the Board's notice.

Section 4-403 states that a license shall lapse "automatically" if not used for 90 days. It is clear to this court that the legislative purpose underlying this section could be easily frustrated if the 90 day requirement could be avoided through the expedient of opening the bar for a few hours. Can it honestly be said that such a token gesture is substantial compliance with the statute? What actually constitutes a "going establishment" does not here concern us; it is clear that opening the bar to the public for a few hours falls far short of a "going establishment" by any definition. The quota system, which strictly limits the number of liquor licenses available, requires licenses to be actually used for the benefit of the public. We therefore must hold that appellant did not satisfy the requirements of section 4-403.

The second major question concerns the procedure through which the respondent Board revoked the licenses. Again we must note that under section 4-403, the licenses lapse "automatically" if not used for 90 days. That section places a duty

on the Montana Liquor Control Board to make a factual determination as to whether such non-use has occurred. Once the facts have been established, the Board actually has no discretion in passing on the revocation of the licenses; if non-user is found, the licenses lapse "automatically." If the Board erred in its analysis of the facts, section 4-342 gives a remedy to the licensee in the form of an action in district court for injunctive relief. This action must be commenced within 15 days of receipt of notice of revocation.

Appellant testified that immediately upon receipt of the notice, he consulted an attorney who explored the possibility of transferring the licenses to some third party. A telephone conversation took place between this attorney and an agent of respondent; there is a good deal of disagreement as to what was said. According to appellant, his attorney was assured that if appellant initiated the transfer of his licenses within 15 days after receipt of the notice, they would not be revoked. Respondent's agent denied that any such representation was made and indicated that the alleged result was not possible under existing policies of the Liquor Control Board.

Appellant urges that the Board is estopped by these alleged statements from revoking the licenses. We feel that the evidence presented on this issue fails to support appellant's position. At best we find uncorroborated hearsay evidence of a telephone conversation. In opposition to this, is the express language of section 4-342 which requires that an action be commenced in district court if the licensee wishes to challenge the action of the Board and prevent revocation.

The district court did in fact entertain this action, even though it was not timely. The court below denied relief to appellant solely on the grounds of non-user for 90 days. We are constrained to discuss the matter of procedure because appellant claims that his licenses were revoked without a hearing. There is no statutory requirement of a hearing pending notice of revocation. If appellant were denied the opportunity to

question the findings of fact upon which such revocation was based, serious issues of due process of law would be present. However, section 4-342 specially provides for a hearing in conjunction with an action for injunctive relief. Appellant did not avail himself of this remedy within the 15-day period prescribed by statute. Nevertheless, the district court entertained this action, heard the testimony and predicated its conclusions of law on the 90 day non-user period only. We cannot find any error or prejudice to appellant in the procedure followed.

This court would be reluctant to foreclose appellant's investment in his liquor licenses if it found merit in his case. But the State of Montana also has a large interest in these same licenses, which is manifest in the quota system and statutes designed to administer this system. Permission to engage in the sale of liquor is predicated upon compliance with the statutory scheme, which must be more than merely colorable compliance.

For the foregoing reasons, the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and JOHN HARRISON, concur.